**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LOCAL 786 LUMBER EMPLOYEE RETIREMENT FUND and MICHAEL YAUGER, as Trustee of the Local 786 Lumber Employee Retirement Fund,<br>       Plaintiffs,<br> v.<br><br>I.N.R. BEATTY LUMBER CO., a dissolved Illinois Corporation, and FORT POLILAND HOLDING CORPORATION, a dissolved Illinois corporation,<br>       Defendants. | Case No. |

### COMPLAINT

Plaintiff, the LOCAL 786 LUMBER EMPLOYEE RETIREMENT FUND ("Fund"), and its current and authorized fiduciary, Michael Yauger ("Trustee"), brings this complaint against Defendants, I.N.R. BEATTY LUMBER CO., a dissolved Illinois Corporation, ("Beatty Lumber") and FORT POLILAND HOLDING CORPORATION ("Fort Poliland"), a dissolved Illinois corporation, and any other trade or business determined to be in a control group with I.N.R. Beatty Lumber Co., as a result of the withdrawal of I.N.R. Beatty Lumber Co. and including Fort Poliland Holding Corporation from the Fund, a multi-employer pension plan, and alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multi-Employer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 USC §§1001-1461, to collect withdrawal liability, interest and penalties and, as such, this Court has jurisdiction over this action under Sections 502(e), 502(f) and 4301(c) of ERISA, 29 USC §§1132(e), 1132(f) and 1451(c).

2. Venue lies in this Court under Sections 502(e) and 4301(d) of ERISA, 29 USC §§1132(e)(2)

and 1451(d), in that the Fund is administered by its Trustees at it principal place of business at 300 S. Ashland Ave., Chicago, Illinois 60607.

## PARTIES

3. Plaintiff Fund Trustee administers the Local 786 Lumber Employee Retirement Fund, a multi-employer pension fund within the meaning of Section 3(37) and 4001(a)(3) of ERISA, 29 USC §§1002(37) and 1301(a)(3). Plaintiff Trustee is a "fiduciary" of the Fund and the Fund's sponsor within the meaning of Section 4001(a)(10) of ERISA, 29 USC §1301(a)(10).

4. Pursuant to Sections 502(a) and 4301(a)(1) of ERISA, 29 USC §§1132(a)(3) and 1451(a)(1), the Trustee as fiduciary is authorized to bring this action on behalf of the Fund, its participants and its beneficiaries for the purpose of collecting withdrawal liability.

5. Defendant Beatty Lumber is a dissolved Illinois corporation which maintained its principal place of business in Palos Heights, Illinois in this district.

6. Upon information and belief, Defendant Fort Poliland, a dissolved corporation, maintained its principal place of business in Palos Heights, Illinois in this district.

## FACTS

7. For relevant periods until at least March 8, 2010, Beatty Lumber was an employer engaged in an industry affecting commerce and was subject to a collective bargaining agreement with Local Union 786, affiliated with the International Brotherhood of Teamsters, under which Beatty Lumber was required to make contributions to the Fund on behalf of certain of its employees.

8. On or about March 8, 2010, Beatty Lumber permanently ceased to have an obligation to contribute to the Fund as all work as defined by the labor agreement with Local 786 ceased.

9. Beatty Lumber and any other trades and businesses under common control with them (the "Beatty Lumber Control Group") constitute a single employer within the meaning of 29 USC 1301(b)(1) and the regulations thereunder.

10. Upon information and belief, Fort Poliland was engaged in an industry affecting commerce and is a member of the Beatty Lumber Control Group.

11. According to records obtained from the Illinois Secretary of State, Robert B. Beatty was president of both Beatty Lumber and Fort Poliland.

12. Upon information and belief, Robert B. Beatty wholly owned and controlled both Beatty Lumber and Fort Poliland and, therefore, exercised control over both companies.

13. The Beatty Lumber Control Group, including Beatty Lumber and Fort Poliland, is the "employer" for purposes of the determination of withdrawal liability under Title IV of ERISA.

14. Beatty Lumber was subject to collective bargaining agreements executed between itself and Teamsters Local 786 under which Beatty :Lumber was required to make contributions to the Retirement Fund on behalf of certain of its employees.

15. The Retirement Fund determined that during the plan year 2010, the Beatty Lumber Control Group permanently ceased to have an obligation to contribute to the Retirement Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 USC §1383.

16. As a result of this complete withdrawal, all entities constituting the Beatty Lumber Control Group, including Beatty Lumber and Fort Poliland, incurred withdrawal liability to the Retirement Fund in the amount of $1,492,660.00 as determined under Section 4201(b) of

ERISA, 29 USC §1381(b) (the "Withdrawal Liability").

17. Beatty Lumber timely received a notice and demand for payment of withdrawal liability issued by the Retirement Fund in accordance with Section 4202(2) and 4219(b)(1) of ERISA, 29 USC §§1382(2) and 1399(b)(1). Receipt of this notice and demand by Beatty Lumber constituted receipt of the notice and demand by all members of the Beatty Lumber Control Group.

18. The notice advised Beatty Lumber that the amount of withdrawal liability owed was $1,492,660.00 and that there was an option to pay the lump sum or eighty (80) installments of $32,919.00. It further advised Beatty Lumber of a right to review the trustees' calculation and determination of the amount. It further explained that Beatty Lumber would be in default if it failed to remit payment timely to the Fund. A copy of the notice is attached as Exhibit A.

19. The notice was sent by certified mail to Beatty Lumber on April 1, 2010.

20. The Fund notified Beatty Lumber by letter dated June 8, 2010 of its failure to remit the lump sum or its first quarterly installment in accordance with the schedule of payments set forth by the Trustees. In the letter, the Trustees demanded prompt payment of the past due amounts. The letter further informed Beatty Lumber that failure to remit payment within 60 days of receipt of the letter would result in a default, under which Beatty Lumber would immediately be liable for the entire amount of withdrawal liability.

21. Beatty Lumber never requested review or initiated arbitration of the Fund's withdrawal liability determination pursuant to Section 4221(a)(1) of ERISA, 29 USC §1401(a)(1) and more than 90 days have passed since Beatty Lumber received notice from the Trustees of the

demand and schedule of payments for the withdrawal liability amount, and no payments have been made as of August 26, 2013.

22. Beatty Lumber has failed to remit any payment in response to the notices and is currently in default for more than 60 days on its obligation.

WHEREFORE, Plaintiffs request the following relief as a judgment against Defendant on behalf of Plaintiffs, pursuant to 29 USCA §§1132(g)(2) and 1451(b) for:

    A.    withdrawal liability principal in the amount of $1,492,660.00;

    B.    interest on the delinquent amount owed on the date of entry of the judgment;

    C.    liquidated damages and interest as appropriate;

    D.    attorneys fees and costs;

    E.    such equitable relief as the Court deems appropriate to protect the assets of the Retirement Fund and assure prompt payment.

s/Anthony Pinelli
Anthony Pinelli
Attorney for Plaintiff

Anthony Pinelli
Law Office of Anthony Pinelli
53 West Jackson Blvd., Suite 1460
Chicago, Illinois 60604
312/583-9270